UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

FILED
APR - 7 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

FREDDY S. CAMPBELL

        Plaintiff,

v.                            Case No. 2:11-0230

STEPHANIE L. OJEDA,
B. BELLE MANJONG, AND
LAW FIRM OF SPILMAN THOMAS &
BATTLE, PPLC

        Defendants.

## COMPLAINT

1. This matter arises under the West Virginia Code §30-2-11; the West Virginia State Bar "Rules of Professional Conduct;" and the Theory of Vicarious Liability/Respondeat Superior.

2. This Court is vested with jurisdiction pursuant to 18 U.S.C.A. §1332(a)(1) and in the matter in controversy exceeds Seventy-Five Thousand Dollars (75,000,00).

3. Plaintiff is an inmate of a federal prison located at the Federal Medical Center (FMC-LEX), Lexington, Kentucky.

4. Venue is proper with this court because Defendant's Stephanie L. Ojeda(WV Bar#7761); B. Belle Mannong(WV Bar#9942); are licensed by the West Virginia State Bar, and employed as a Senior and Associate Attorney by Defendant, Law Firm Spilman Thomas & Battle, which is located in this district,

5. At the time of the incidents giving rise to this action, Defendant Stephanie L. Ojeda was employed by the Law Firm of Spilman Thomas & Battle as a Senior Attorney, and was providing

professional services in behalf of the Plaintiff.

6. At the time of the incidents giving rise to this action, Defendant B. Belle Manjong was an Associate Attorney, employed by the Law Firm of Spilman Thomas & Battle and was providing professional services on behalf of the Plaintiff.

7. At the time of the incidents giving rise to this action the Law Firm of Spilman Thomas & Battle, employer of Stephanie L. Ojeda, and B. Belle Manjong, and was also involved in the undertaking of providing professional services on behalf of the Plaintiff.

8. The Law Firm of Spilman Thomas & Battle and its agents/associates, Senior Attorney, Stephanie L. Ojeda; and Associate Attorney, B. Belle Manjong had a duty to provide competent representation to the Plaintiff. Competent representation requires the legal knowledge, skill, thoroughness and preparation resonably necessary for representation.

9. The Law Firm of Spilman Thomas & Battle and its agents, Stephanie L. Ojeda; and B. Belle Manjong had a duty to explain a matter to the extent resonably necessary to permit the client to make informed decisions regarding the representation.

10. The Law Firm of Spilman Thomas & Battle and its agents Stephanie L. Ojeda, and B. Belle Manjong had a duty to disclose anything known which might affect the clients decision whether to or how to act. As licensed attorneys they owed the Plaintiff the high duty to diligently, faithfully and legitimately perform every act necessary to protect, conserve and advance the interests of the Plaintiff. No deviation from that duty can be permitted. That principle of conduct is a stern and inflexible rule controlling the

relationship of attorney and client as long as the relation exists.

11. The Law firm of Spilman Thomas & Battle had direct suppervisory authority over its agents, Senior Attorney, Stephanie L. ojeda; and Associate Attorney, B. Belle Manjong, therefore, it had a duty to make reasonable efforts to ensure that its agents actions conforms to the West Virginia State Bar "Rules of Professional Conduct."

---

Background

Plaintiff alleges that on June 19, 2005, while he was a pretrail detainee in custody of Supervising Marshal John Perrine and incarcerated at the Carter County Detention Center in Kentucky, he sustained a knee injury when he fell from the top bunk in his cell. The following day, he sustained further injury to his knee, broke his finger, and injured his head while he was being transported to the federal courthouse for a hearing when transporting officer, Elmore, slammed on the breaks of his vehicle, throwing plaintiff and other inmates, who was also being transported without seatbelts, to the floor of the vehicle.

Thereafter, plaintiff made daily request for medical attention for his injuries but was provided no care at either the Carter County Detention Center or the South Central Regional Jail in West Virginia, where he was later transfered. Plaintiff notified Perrine and the office of the United States Marshals Service for the Southern District of West Virginia of his medical need for medical attention by letter dated September 5, 2005. Plaintiff was not permitted to see a physician until October 11, 2005. Examination of plaintiff's knee revealed that he had torn ligaments, a reptured patellar tendon, and various associated soft tissue injuries. The physician recommended surgical treatment. Plaintiff did not receive such treatment while he was at the Carter County Detention Center.

He was transferred to the West Virginia South Central Regional Jail on November 16, 2005, where he remained for two weeks without receiving any medical attention. He was moved by Marshals Service to a Federal Detention Center in Oklahoma where he remained until January 24, 2006, at which time he was moved again to the Federal Corrections Institution in Elkton, Ohio, where he stayed until June 22, 2006. He did not receive medical attention for his knee at either institution.

On April 25, 2006, while still being housed at FCI Elkton, plaintiff alleges he was examined by an orthopedic physician who recommended surgery. He did not have surgery, but rather, was given continual doses of IB Bufferin and Naproxen, which is causing damage to his

liver. On June 22, 2006, he was transferred to the Federal Medical Center in Lexington, Kentucky. On July 21, 2006, plaintiff was examined by a third orthopedic physician, who opined that his chances of having a sucessful surgery had been significantly reduced by the delay in providing him with appropriate treatment. Plaintiff remained untreated until October 6, when he was admitted to a hospital for knee surgery.

---

12. On December 5, 2005, plaintiff filed a 42 U.S.C. §1983 Civil Rights Complaint in the United States District Court For The Southern District of West Virginia at Charleston, which was assigned Civil Action No. 2:05-9056,(Campbell I).

13. On January 6, 2006 a status conference was held by Magistrate Judge, Honorable Mary E. Stanley, which at that time, counsel was appointed in behalf of the plaintiff for his Civil Right Claim against Supervising Marshal John Perrine, Chief Jailor Randy and Sheila Binson, Chief Deputy Will Baily, and Transportation Officer Elmore bases upon stated circumstances by his letter-form complaint on December 5, 2005. See Case No. 2:05-cv-00956(Docket 1).

14. On February 4, 2006 Notice of Appearance was filed by Scott P. Mason of the Law Firm of Spilman Thomas & Battle to provide counsel for the plaintiff.

15. On July 25, 2006 an Order granting a Motion To Withdraw As Counsel as to Scott P. Mason, but denying as to the Law Firm of Spilman Thomas & Battle was entered(Docket 27).

16. On August 15, 2006, Notice of Attorney Appearance by B.Belle Manjong on behalf of the Plaintiff was entered(Docket 30).

17. On June 18, 2007 Defendants' B.Belle Manjong; and Stephanie Ojeda under the auspices of the Law Firm of Spilman

-4-

Thomas & Battle, PLLC filed the first amended Complaint in Campbell v. United States, 2:05-cv-0956(S.D.W.Va.), Campbell I, adding the United States: United States Marshal Service, Federal Bureau of Prisons, Carter County Dentention Center, and South Central Regional Jail as defendants, pursuant to the FTCA, but negligently terminating Chief Jailor Randy and Shelia Benson, Chief Duputy Will Baily, and Transporation Drive Elmore as Defendants pursuant to the plaintiff's 1983 claims(Docket 42).

18. On July 6, 2007, defendants' Stephanie L. Ojeda; and B. Belle Manjong under the auspices of the Law firm of Spilman Thomas & Battle filed the second amended complaint in Campbell I naming only the the United States: Federal Bureau of Prisons, United States Marshals Service and the Carter County County Detention Center, and the South Central Regional Jail as defendants (Docket 44).

19. Also on July 6, 2007, defendants' Stephanie L. Ojeda, and B. Belle Manjong, under the auspices of the Law Firm of Spilman Thomas & Battle Negligently filed a "Notice of Dismissal Without Prejudice" on behalf of plaintiff without the plaintiff's consent(Docket 45).

20. On July 7, 2007 Defendant's Stephanie L. Ojeda; and B. Belle Manjong, under the auspices of the Law Firm of Spilman Thomas & Battle filed a "Motion to Withdraw as Attorneys" for on behalf of plaintiff for a conflict of interest (Docket46).

21. On July 26, 2007 plaintiff filed a letter form response requesting that defendants provide the plaintiff explanation to what degree of conflict of Interest was involved(Docket 47).

22. On August 23, 2007 an order granting "Motion for Leave To Withdraw as Counsel" was granted(Docket 48).

23. On May 28, 2007, the court issued an order directing that the matter be stayed until such time as new counsel enters an appearance for plaintiff(Docket 52).

24. On May 20, 2008 there was a notice of attorney appearance by Sprague W. Hagard for on behalf of plaintiff(Docket 57).

25. On November 19, 2008 an order directing that the stay is lifted was issued by the court.

26. On April 2, 2009 the court issued a memorandum opinion and order granting United States motionto Dismiss the plaintiff's deliberate indifference claim; granting West Virginia Regional Jail and Correctional Facility Authority Motion to Dismiss and dismissing it from this action(Docket 97).

27. On April 28 the court issued a memorandum and order granting United States motion to dismiss amended complaint for lack of subject matter jurisdiction; further directing that the United States be dismissed from this action(Docket 110).

28. On May 7, 2009 plaintiff's newly appointed attorney Sprague W. Hazard filed a new complaint under the Federal Tort Claim Act, 28 U.S.C.A. §2401, et seq., 28 U.S.C.A. §2671-2680 and 42 U.S.C.A. §1983, naming United States of America, Carter County Detention center, John Perrine, Supervising Marshal-United States Marshal's Service, Brenda Wilburn, R.N-Carter County Detention Center, as defendants, Case No. 2:09-cv-00503,(Campbell II), (Docket 1).

29. On May 11, 2009 the court issued an order granting Defendant Carter County Detention Center motion to Dismiss; further directing that the Carter County Detention Center be dismissed from this action; finally, inasmuch as there are no remaining defendants, directing that this action be dismissed from the court,s docket(Campbell I, Docket 113).

30. Also on May 11, 2009, the Court issued a judgment order in accordance with the Court's order entered of even date, directing that the plaintiff, Freddy S. Campbell, take nothing against the defendants, the United States of America, the Carter County Detention Center, and the West Virginia Regional Jail Correctional Facility Authority, in this action; further directing that judgment be granted in favor of the defendants, the United States of America, the Carter County Detention Center, and the West Virginia Regional Jail and Correctional Facility Authority and against the plaintiff, except that the plaintiff's claim against the United States of America arising under the Federal Tort Claims Act is dismissed without prejudice for failure to exhaust administrative remedies (Campbell I, Docket 114).

31. On February 5, 2010 the court issued a memorandum opinion and order granting United States of America and John Perrine's motion to Dismiss Constitutional Claims for Lack of Subject Matter Jurisdiction; granting Perrine's individual Motion to dismiss the constitutional claims as to Perrine both in his official capacity and his individual capacity(docket 69).

32. On February 24, 2010 the court issued a Memorandum Opinion and Order granting United States as time-barred against the United States with respect to his Bureau of Prisons Claim (Campbell II, Docket 73).

33. On June 29, 2010 the court issued a Memorandum Opinion And Order granting Randy Binson and Carter County Detention Center's Motion for Summary Judgment and said defendants are dismissed from this action(Campbell II, Docket 96).

34. On January 31, 2011 the Court issued a Memorandum Opinion and Order granting the United States Motion to dismiss.

35. As a direct and proximate result of the negligence of Stephanie L. Ojeda and B. Belle Manjong, who were under the direct supervision of the Law Firm of Spilman Thomas & Battle, PLLC, by not providing competent representation for the plaintiff; forsaking their high duty to diligently, faithfully and legitimately perform every act necessary to protect, conserve and advance the interests of the plaintiff, by negligently filing the complaint before the exhausting of the plaintiff's administrative remedies as required by the FTCA. Accordingly , the claims alleged in Campbell I against the United States were dismissed for lack of subject matter jurisdiction on April 28, 2009(Docket 110).

36. As a direct and proximate result of the negligence of Stephanie L. Ojeda and B. Belle Manjong, who were under the direct supervision of the Law Firm of Spilman Thomas & Battle, PLLC, by not providing competent representation for the plaintiff;

forsaking their high duty to diligently, faithfully and legitimately perform every act necessary to protect, conserve and advance the interests of the plaintiff, by negligently failing to file the appropriate action within six months of the Bureau of Prisons's (BOP) denial of administrative claim. According, the plaintiff's FTCA against the BOP Was dismissed on February 24, 2010 (Campbell II, Docket 73).

37. As a direct and proximate result of the negligence of Stephanie L. Ojeda, and B. Belle Manjong, who were under the direct supervision of the Law Firm of Spilman Thomas & Battle, PLLC, by not providing competent representation for the plaintiff; forsaking their high duty to diligently, faithfully and legitimately perform every act necessary to protect, conserve and advance the interests of the plaintiff, by filing the first complaint in Campbell I on June 18, 2007, thus negligently terminating Chief Jailor Randy and Shelia Binson, Chief Deputy Will Baily, and Transportation Officer Elmore as defendants. Accordingly plaintiff's claims against Randy Binson and Carter County Detention Center were time-barred on June 28, 2010 (Campbell II, Docket 96).

38. As a direct and proximate result of the negligence of Stephanie L. Ojeda, and B. Belle Manjong, who were under the direct supervision of the Law Firm of Spilman Thomas & Battle, PLLC, by not providing competent representation for the plaintiff; forsaking their high duty to diligently, faithfully and legitimately perform every act necessary to protect, conserve and advance the interests of the plaintiff, by negligently dismissing John Perrine as a defendant. Accordingly the Bivens against DUSM Perrine was dismissed as being time-barred on February

Case 2:11-cv-00230 Document 1 Filed 04/07/11 Page 10 of 10 PageID #: 10

5, 2010(Docket 69).

39. The Law Firm of Spilman Thomas & Battle, PLLC. and it's agent(named defenfants)performed ineffective representation in behalf of the plaintiff, by withdrawing as his attorneys and failing to disclose anything known to them which might affect the plaintiff's decision whether or how to act. They forsaked their duty to explain a matter to the extent reasonably necessary to permit the client to make a informed decision regarding the represenation. As a result of their aboved named acts they dismantled the plaintiff's opportunity to prevail and abandoned the case(Docket 46).

Every attorney-at-law shall be liable to his client for any damages to the client by the neglect of his duty as such attorney WV Code § 30-2-11.

Wherefore for the malpractice and ineffective representation of named defendants, the plaintiff is asking for a jury trial, and seeking 1 million dollars, from Defendant Stephanie L. Ojeda, 1 million dollars from Defendant B. Belle Manjong, and 5 million dollars from the Law Firm of Spilman Thomas & Battle, PLLC, court cost, and any other relief as the court deems appropriate that would place the plaintiff in the same position...he would have been if the tort had not been committed.

Dated: *April 5, 2011*

*Freddy S. Campbell*
Freddy S. Campbell, 05722-088
Federal Medical Center
P.O. Box 14500
Lexington, Kentucky 40512

-10-