**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**FREDDY S. CAMPBELL,**

     **Plaintiff,**

**v.**                                  **Case No. 2:11-cv-00230**

**STEPHANIE L. OJEDA,
B. BELLE MANJONG, and
SPILMAN, THOMAS & BATTLE, PLLC,**

     **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On April 11, 2011, the plaintiff, Freddy S. Campbell, filed a *pro se* Complaint alleging State law claims of negligence, or legal malpractice, against the defendants, arising out of their representation of the plaintiff in a civil action in this court beginning in 2006 and concluding on or about August 23, 2007.  This court has subject matter jurisdiction due to diversity of citizenship and the amount in controversy.  28 U.S.C. § 1332(a)(1).  Pending before the court is the defendants' Motion to Dismiss (ECF No. 10.)  This matter is assigned to the Honorable Joseph R, Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff is a prisoner in federal custody who is presently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington").  On December 2, 2005, while the plaintiff was a pre-trial detainee being housed by the United States

Marshals Service ("USMS") at the Carter County Detention Center ("CCDC") in Grayson, Kentucky, the plaintiff mailed a letter to the Honorable David A. Faber, the Chief United States District Judge in this district at that time.  The letter alleged that, on June 19, 2005, while incarcerated as a pre-trial detainee at CCDC, the plaintiff sustained a knee injury when he fell from the top bunk of his cell.  (ECF No. 10, Ex. 2.)  The letter further alleged that, on the following day, June 20, 2005, the plaintiff sustained further injury to his knee, a broken finger, and an injury to his head, when the officer transporting him from CCDC to the Robert C. Byrd United States Courthouse in Charleston, West Virginia, slammed on the brakes of the vehicle in which the plaintiff was riding, throwing the plaintiff and other inmates to the floor of the vehicle.  (*Id.*)  The letter further indicated that the plaintiff made daily requests for medical attention for his injuries, but was provided no care at either CCDC, or the South Central Regional Jail ("SCRJ") in Charleston, West Virginia, where he was later housed as a pre-trial detainee. (*Id.*)

The plaintiff's letter indicated that he had notified the USMS of his need for medical attention by letter dated September 5, 2005.  (*Id.)*  The plaintiff's letter further indicated that he was not permitted to see a physician until October 11, 2005, at which time an MRI examination revealed that the plaintiff had sustained severe knee injuries, for which the examining physician recommended surgical treatment.  (*Id.*)  The plaintiff's letter further indicated that he did not receive such treatment while at CCDC. (*Id.*)

The letter further stated that, on November 16, 2005, the plaintiff was transferred to the SCRJ, where he was housed for two weeks (purportedly to see another doctor in Charleston).  According to the letter, the plaintiff was returned to CCDC on December 1,

2005, without receiving any medical attention.  (*Id.*)   The letter further indicated that the plaintiff's court-appointed defense counsel had brought this issue to the attention of the Honorable Robert C. Chambers, the District Judge presiding over the plaintiff's criminal matter.  (*Id.*)

The undersigned directed that the plaintiff's December 2, 2005 letter be docketed as a Complaint (the case was assigned Case No. 2:05-cv-00956) (hereinafter "*Campbell I*"), and directed that the form complaint used by this District Court for complaints by prisoners be mailed to the plaintiff to be completed.  Due to the existence of three cases in this court in which Mr. Campbell is the named plaintiff, the undersigned will identify documents in each case as: *Campbell I*, ECF No. – [2:05-cv-00956]; *Campbell II,* ECF No. – [2:09-cv-00503]; and *Campbell III*, ECF No. – [2:11-cv-00230].

On December 14, 2005, the form complaint was filed by the plaintiff.  (*Campbell I*, ECF No. 4.)  The form complaint named the following defendants:  John Perrine, Supervising Marshal, Randy and Sheila Binson, Chief Jailor (at CCDC), Will Bailey, Chief Deputy (at CCDC) and Elmore, Transportation Driver (at CCDC).  (*Id.)*  The form complaint largely repeated the facts as stated in the plaintiff's letter, and used the terms "negligence" and "medical neglect" in describing the conduct of the defendants.  On December 14, 2005, the plaintiff also filed a Motion for Transfer to the SCRJ (*id.*, ECF No. 6), a Motion for Appointment of Counsel (*id.*, ECF No. 8), and a Motion to Amend his Complaint (*id.*, ECF No. 9.)

Because it was somewhat unclear as to what specific claims the plaintiff intended to pursue, and because the named defendants were employees of federal and state facilities in two different states, the undersigned scheduled a status conference to discuss the matter with the plaintiff.  The status conference was held on January 6,

2006.  (*Id.*, ECF No. 11.)  During the status conference, the undersigned advised the plaintiff about negligence claims versus claims of deliberate indifference to a serious medical need, in violation of the Eighth Amendment to the United States Constitution, and also advised the plaintiff about his obligation to exhaust any available administrative remedies concerning such claims.  During the hearing, the plaintiff stated that he wished to include a claim under the Federal Tort Claims Act ("FTCA"), but he acknowledged that he had not exhausted his administrative remedies with the Bureau of Prisons ("BOP") or the USMS.

Following the status conference, the undersigned's staff contacted attorney Scott P. Mason, then an associate with the law firm of Spilman, Thomas & Battle, PLLC ("Spilman"), to determine whether he would be willing to represent the plaintiff.  Mr. Mason agreed to represent the plaintiff in his civil action and filed a Notice of Appearance on February 9, 2006.  (*Id.*, ECF No. 13.)  According to the defendants' Memorandum of Law in support of their Motion to Dismiss the instant case, Mr. Mason corresponded at length with the plaintiff regarding his claims and the investigation of the circumstances surrounding the plaintiff's injury.  ( *Campbell III,*  ECF No. 11 at 3.)

On July 25, 2006, Mason and Spilman moved to withdraw as counsel for the plaintiff after Mason left the firm.  (*Campbell I*, ECF No. 24.)  By Order entered on August 2, 2006, the undersigned granted the motion to allow Mason to withdraw, but denied it with respect to Spilman.  (*Id.*, ECF No. 27.)

On August 15, 2006, attorney B. Belle Manjong ("Manjong"), another associate with Spilman, filed a Notice of Appearance.  (*Id.*, ECF No. 30.)  Kevin Carr, a member at Spilman, was included on the Notice of Appearance, but is not named as a defendant herein.

4

During this time period, the plaintiff attempted to exhaust his administrative remedies with the BOP and the USMS.  The BOP rendered a final determination of the plaintiff's administrative claim on January 16, 2007.  The USMS had not responded to the plaintiff's administrative claim at that time, and did not formally deny his claim until November 19, 2008.

The plaintiff was required by 28 U.S.C. § 2401(b) to file an FTCA complaint within six months of the mailing of notice of the denial of his claim.  Five months after the denial of his BOP claim, on June 18, 2007, defendants Manjong and Stephanie Ojeda ("Ojeda"), a Senior Attorney at Spilman at the time, filed an Amended Complaint. (*Id.*, ECF No. 42.).   The Amended Complaint named as defendants the United States of America, the United States Marshals Service, the Federal Bureau of Prisons, the Carter County Detention Center, the South Central Regional Jail, and John Perrine of the USMS in his individual and official capacities.  The individuals employed at the CCDC were no longer named as defendants.

The Amended Complaint also contained additional factual allegations concerning the plaintiff's treatment after December 2, 2005 (the date of his first letter). Specifically, the Amended Complaint alleged that the plaintiff was subsequently transported by the USMS to the Federal Detention Center ("FDC") in Oklahoma City, Oklahoma, where he remained until January 24, 2006.  At that time, he was transported to the Federal Correctional Institution in Lisbon, Ohio ("FCI Elkton"), where he stayed until March 6, 2006.  The Amended Complaint alleged that the plaintiff did not receive treatment for his knee injury at either institution.   (*Id.* at 4, ¶ 21.)

On April 25, 2006, however, the plaintiff was examined by an orthopedic surgeon, who reiterated the severity of the plaintiff's injury and recommended that he

undergo reconstructive surgery.  (*Id.*, ¶ 22.)   On June 22, 2006, the plaintiff was transferred to FMC Lexington.  On July 21, 2006, the plaintiff was seen by another orthopedic specialist, who opined that the chances of a successful surgery had been reduced by the passage of time since the injury.  (*Id.* at 5, ¶ 23.)   The plaintiff remained untreated until October 6, 2006, when he had reconstructive surgery on his knee.  (*Id.*, ¶ 24.)

The Amended Complaint in *Campbell I* alleged claims under the FTCA and the Eighth Amendment.[1]   A motion to stay pending determination of the USMS administrative claim was filed at the same time.  (*Campbell I*, ECF No. 43.)

On July 6, 2007, Ojeda and Manjong filed a Second Amended Complaint, alleging an FTCA claim against the United States of America, the CCDC, and the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA").  (*Id.*, ECF No. 44.)  That same day, Ms. Ojeda filed a Notice of Dismissal without prejudice as to the USMS, the BOP and John Perrine.  (*Id.*, ECF No. 45.)  Then, on July 12, 2007, upon determining that a conflict of interest existed regarding the plaintiff's claims against the WVRJCFA (which Spilman represented in other matters), Ojeda, Manjong and Spilman (hereinafter "the Spilman Defendants") moved to withdraw as counsel for the plaintiff. (*Id.*, ECF No. 46.)  Because of the obvious conflict presented, on August 23, 2007, the undersigned granted the motion to withdraw, without awaiting objection of the plaintiff. The undersigned's Order stated that the court would attempt to obtain new counsel for the plaintiff.  (*Id.*, ECF No. 48.)  On September 28, 2007, the undersigned stayed the case pending the appearance of new counsel.  (*Id.*, ECF No. 52.)

---

[1] The undersigned notes that a suit to redress the alleged deprivation of the plaintiff's constitutional rights by federal officials is addressed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983, which is used to address such claims against state actors.  However, the applicable legal principles are similar.

On May 20, 2008, attorney Sprague Hazard ("Hazard") filed a Notice of Appearance on behalf of the plaintiff in *Campbell I.* (*Id.*, ECF No. 57.) On November 19, 2008, the presiding District Judge, the Hon. John T. Copenhaver, Jr., entered an Order lifting the stay and directing that service of process upon any un-served defendants be completed forthwith. (*Id.,* ECF No. 58.) The November 19, 2008, Order also set response and reply deadlines as to the pending Motion to Dismiss filed by the WVRJCFA. (*Id.*)

On December 2, 2008, Hazard filed a Motion to Amend the Complaint, and attached a proposed Third Amended Complaint. (*Id.*, ECF No. 60.) Judge Copenhaver granted that motion by Order entered January 8, 2009, and the Third Amended Complaint was docketed that same date. (*Id.*, ECF Nos. 70, 71.) The Third Amended Complaint, with which the defendants in the instant matter had no involvement, alleged claims under the FTCA and 42 U.S.C. § 1983 (and, implicitly, *Bivens,* to the extent that the claims concerned federal defendants). The defendants named in the Third Amended Complaint were the United States of America, the CCDC and the WVRJCFA.

Following the filing of the Third Amended Complaint, each of the defendants therein filed answers. (*Id.*, ECF Nos. 83, 84, 90.) The USA moved to dismiss the plaintiff's *Bivens* claims for lack of subject matter jurisdiction. (*Id.*, ECF No. 85.) The WVRJCFA moved to dismiss the plaintiff's claims against it based upon Eleventh Amendment immunity. (*Id.*, ECF No. 87.) Hazard did not respond in opposition to either of these motions. By Order entered April 2, 2009, Judge Copenhaver granted both motions to dismiss. (*Id.*, ECF No. 97.)

Subsequently, the USA moved to dismiss the plaintiff's FTCA claims alleging that the plaintiff had failed to exhaust his administrative remedies before filing the initial

Complaint, that is, for lack of subject matter jurisdiction. (*Id.*, ECF No. 99.) By Order entered on April 28, 2009, Judge Copenhaver granted the USA's motion to dismiss, noting that the plaintiff did not object. (*Id.*, ECF No. 110.)

The CCDC also moved to dismiss the plaintiff's claims in the Third Amended Complaint. (*Id.*, ECF No. 108.) Again, the plaintiff did not oppose the motion, which was granted by Judge Copenhaver on May 11, 2009. (*Id.*, ECF No. 113.) At that point, all of the claims that had been raised during the course of *Campbell I* had been dismissed, and the case was dismissed from the court's docket in its entirety that same day. (*Campbell I*, ECF No. 114.) The plaintiff did not appeal the dismissal of any of the claims in *Campbell I*.

Four days before *Campbell I* was dismissed, on May 7, 2009, Hazard filed a new Complaint on the plaintiff's behalf in this federal district court, which was assigned Case No. 2:09-cv-00503 ("*Campbell II*"). The defendants named in the new Complaint were the USA, the CCDC, Randy Binion, Chief Jailor – CCDC, John Perrine, Supervising Marshal – USMS, and Brenda Wilburn, R.N. – CCDC. (*Campbell II,* ECF No. 1.) *Campbell II* was based on the same facts alleged in *Campbell I* and alleged claims under the FTCA and 42 U.S.C. § 1983. The Spilman Defendants had no involvement at all with *Campbell II*.

All of the federal defendants named in the *Campbell II* Complaint moved to dismiss that Complaint. (*Id.*, ECF Nos. 16, 18, 19.) The CCDC filed an answer. (*Id.*, ECF No. 6.) The constitutional claims against the USA and John Perrine in his official capacity were dismissed without objection by the plaintiff in an Order entered on February 5, 2010. (*Id.*, ECF No. 69.) The plaintiff further agreed to the dismissal of the

constitutional claim against Perrine in his individual capacity because it was time-barred. (*Id.*)

The BOP's motion to dismiss based on the claim being time-barred was granted by Order entered on February 24, 2010. (*Id.*, ECF No. 73.) In that same Memorandum Opinion and Order, the plaintiff's claims against the United States relating to injuries and medical treatment he received or did not receive while under the care of the South Central Regional Jail and CCDC were dismissed. (*Id.*) Similarly, on June 28, 2010, judgment was entered for defendants Binion and the CCDC, and cross-claims against John Perrine were dismissed. (*Id.*, ECF No. 96.)

The remaining claims against the USA were dismissed for lack of subject matter jurisdiction by Order entered on January 31, 2011 (*id.,* ECF No. 120) and a Judgment Order was entered that same date dismissing *Campbell II* with prejudice. (*Id.*, ECF No. 121.) On March 23, 2011, the plaintiff filed a *pro se* Notice of Appeal of the Judgment Order. (*Id.*, ECF No. 122.) Hazard moved to withdraw as counsel for the plaintiff on April 11, 2011. (*Id.*, ECF No. 129.) That motion was granted on May 6, 2011. (*Id.*, ECF No. 132.) The Fourth Circuit affirmed the dismissal of *Campbell II*. *Campbell v. United States*, No. 11-1261, 2011 WL 3273184 (4th Cir. Aug. 1, 2011).

In *Campbell II*, on May 23, 2011, the plaintiff filed a *pro se* Motion for Relief from Judgment under Rule 60(b) (ECF No. 136), which was denied by Judge Copenhaver on May 27, 2011. (*Id.*, ECF No. 137.) The plaintiff filed a Notice of Appeal from the denial of his Rule 60(b) motion. (*Id.*, ECF No. 138.) The United States Court of Appeals affirmed the denial. *Campbell v. United States*, No. 11-1604, 2011 WL 4910422 (4th Cir. Oct. 17, 2011).

9

On June 14, 2011, the plaintiff filed yet another Rule 60(b) motion in the District Court.  (*Id.*, ECF No. 144.)  The District Court denied the second Rule 60(b) on June 20, 2011.   (*Id.*, ECF No. 146.)  The plaintiff appealed again and the Fourth Circuit affirmed.  *Campbell v. United States*, No. 11-1733, 2011 WL 4963998 (4th Cir. Oct. 17, 2011).

## PLAINTIFF'S PRESENT ALLEGATIONS

The plaintiff's present Complaint alleges five instances of legal malpractice by defendants Ojeda, Manjong, and Spilman as follows:

1.  filing the Amended Complaint in *Campbell I* before the plaintiff's administrative remedies were exhausted as required by the FTCA.  As a result, the FTCA claim in *Campbell I* was dismissed for lack of subject matter jurisdiction on April 28, 2009.

2.  failing to file the appropriate action within six months of the BOP's denial of the plaintiff's administrative claim.  Accordingly, the FTCA claim concerning the conduct of the BOP raised in *Campbell* II was dismissed on February 24, 2010.

3.  omitting the individual employees of the CCDC from the Amended Complaint in *Campbell I*, causing the claims raised against Randy Binson [sic; Binion] and CCDC in *Campbell II* to be time-barred on June 28, 2010.

4.  dismissing John Perrine as a defendant in *Campbell I*, resulting in the *Bivens* claim brought against him in *Campbell II* to be dismissed as time-barred on February 5, 2010.

(*Campbell III,* ECF No. 1 at 8-10, ¶¶ 35-38.)  The plaintiff's Complaint further asserts that:

> The Law Firm of Spilman Thomas & Battle, PLLC, and its agent (named defendants) performed ineffective representation in behalf of the plaintiff, by withdrawing as his attorneys and failing to disclose anything known to them which might affect the plaintiff's decision whether or how to act.  They forsaked their duty to explain a matter to the extent reasonably necessary to permit the client to make a[n] informed decision regarding the representation.  As a result of their above [sic; above] named acts they dismantled the plaintiff's opportunity to prevail and abandoned the case (Docket 46.)

10

(*Id.* at 10, ¶ 39.)   The plaintiff seeks $1,000,000 each from Ojeda and Manjong and $5,000,000 from Spilman.  (*Id.*)

## STANDARD OF REVIEW

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court further explained its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

The Spilman Defendants' Motion to Dismiss asserts that the plaintiff's claims in the present Complaint should be dismissed because they are time-barred. The Memorandum in Support of the Motion to Dismiss argues that the statute of limitations in West Virginia for malpractice is akin to a personal injury action, and runs two years after the right to bring the action has accrued. *See* W. Va. Code § 55-2-12; *see also Hall v. Nichols* 400 S.E.2d 901 (W. Va. 1990). The Spilman Defendants further contend that the two-year limit applies because they had no contract of representation with the plaintiff. *See Harrison v. Casto*, Syl. Pt. 2, 271 S.E.2d 774, 775 (W. Va. 1980).

In addition to the statute of limitations affirmative defense, the undersigned will address the plaintiff's claims as to each of the five claims of alleged malpractice, based on documents filed in this court. As to each of the claims, the plaintiff has the burden of alleging facts in support of the elements of the cause of action, which are: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the client. *Keister v. Talbott*, 391 S.E.2d 895, 898-99 (W. Va. 1990). There is no dispute that the Spilman Defendants represented the plaintiff from February 9, 2006 (*Campbell I*, ECF No. 13) until August 23, 2007 (*id.*, ECF No. 48).

### Claim 1: Filing the Amended Complaint in *Campbell I* before exhaustion of administrative remedies, resulting in dismissal on April 28, 2009

The plaintiff alleges, as his first claim of legal malpractice, that the attorneys should not have filed the Amended Complaint in *Campbell I,* on June 18, 2007 (ECF No.

42), prior to exhaustion of FTCA administrative remedies.  He claims that the result was the dismissal of his FTCA claim for lack of subject matter jurisdiction on April 28, 2009.

During the initial hearing with the *pro se* plaintiff on January 6, 2006, the plaintiff was informed that he must exhaust available remedies.  (*Campbell I,* ECF No. 11.)  The requirement to exhaust administrative remedies is a condition precedent to filing an FTCA complaint, 28 U.S.C. § 2675(a); under the Prisoner Litigation Reform Act, 42 U.S.C. 1997(e), exhaustion of available remedies is required prior to filing a civil rights or *Bivens* complaint, but the Supreme Court has ruled that the requirement is an affirmative defense, and is not jurisdictional.  *Jones v. Bock,* 549 U.S. 199, 220-24 (2007).  As of January 6, 2006, the plaintiff had already filed his *pro se* hand-written Complaint, alleging "negligence" and "medical neglect."  (ECF No. 4.)  The Complaint did not cite to the FTCA; only one defendant was a federal employee (Deputy U.S. Marshal John Perrine).  The Complaint was never served on any defendants.  Pursuant to *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the courts are bound to read a *pro se* litigant's pleadings liberally.  The complaint's use of the terms "negligence" and "medical neglect," rather than "deliberate indifference," strongly suggests that the plaintiff intended what he wrote, *i.e.*, a negligence claim.

After Mr. Mason's motion to withdraw was granted on August 2, 2006 (ECF No. 27), the Spilman Defendants commenced exhausting the plaintiff's administrative remedies, presenting a claim to the Bureau of Prisons on August 10, 2006, and to the United States Marshals Service on October 4, 2006.  (ECF No. 100, at 1-2.)  Both claims were denied; the BOP denied the claim on January 16, 2007; the Marshals Service claim was deemed denied on April 4, 2007 (six months after submission) and formally denied on November 19, 2008.  It should be noted that the plaintiff was in the custody of the

Marshals Service from May 13, 2005, the date of his arrest, until January 24, 2006, when he was delivered to FCI Elkton and into the custody of the Bureau of Prisons. *United States v. Campbell*, No. 2:05-cr-120, ECF Nos. 5, 52, 60.

The first Amended Complaint was filed by the Spilman Defendants on June 18, 2007 (ECF No. 42). It specifically cited to the FTCA and named the United States, among others, as a defendant. That same day, they filed a Motion to Stay (ECF No. 43), noting that "a plaintiff must exhaust his or her administrative remedies as required by the Bureau of Prisons regulations prior to instituting an action under the Federal Tort Claim Act." They explained that the United States Marshals Service had not yet decided whether it would grant the plaintiff's claim. The first Amended Complaint was never served on any defendants. The first Amended Complaint was filed after the Spilman Defendants had exhausted the administrative remedies. However, the original Complaint, filed by the plaintiff proceeding *pro se*, stated a claim for "negligence," and was the reason for the dismissal on April 28, 2009.

To summarize, if the original Complaint is read as a negligence claim and as an attempted FTCA claim, then it was the document which caused the dismissal for lack of subject matter jurisdiction pursuant to *Plyler*. If the original Complaint is read as a claim for deliberate indifference to the plaintiff's serious medical need, pursuant to § 1983 and *Bivens*, then the Spilman Defendants exhausted the administrative remedies and then filed the FTCA claim in the first Amended Complaint. In neither case did the Spilman Defendants breach a duty owed to the plaintiff. The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's conclusory allegation that the Spilman Defendants breached a duty to him in this respect is in error.

14

Claim 2: Failing to file a complaint within six months of the BOP's denial of the

plaintiff's administrative claim, resulting in dismissal on February 24, 2010

In *Campbell II,* on February 24, 2010, Judge Copenhaver ruled that the plaintiff's claim against the Bureau of Prisons was time-barred under 28 U.S.C. § 2401(b).  That statute provides that a tort action must be begun "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  The Complaint in *Campbell II* was filed by Mr. Hazard, not by the Spilman Defendants.  As set forth above, the Bureau of Prisons denied the claim on January 16, 2007; the Spilman Defendants filed the first Amended Complaint in *Campbell I* on June 18, 2007, which was within six months of the BOP's denial of the claim.  In other words, the Spilman Defendants filed the first formal FTCA action on behalf of the plaintiff within the six-month period allowed by § 2401(b).  The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's conclusory allegation that the Spilman Defendants breached a duty to him in this respect is in error.

Claim 3: Dismissing the CCDC's individual employees in *Campbell I*

The plaintiff's instant Complaint against the Spilman Defendants alleges that they committed malpractice by "negligently terminating Chief Jailor Randy and Shelia Binson [sic; Binion], Chief Deputy Will Bail[e]y and Transportation Officer Elmore as defendants.  Accordingly plaintiff's claims against Randy [Binion] and Carter County Detention Center were time-barred on June 28, 2010."  (*Campbell III,* ECF No. 1, ¶ 37, at 9.)  [Emphasis added.]

*Campbell I* was initiated by the plaintiff writing a letter dated December 2, 2005, to then-Chief Judge David Faber, complaining about his knee injury.  (ECF No. 1.)

15

Following usual practice, the Clerk assigned the letter a case number and listed "Carter County Detention Center" as a party defendant, because the bulk of his complaints related to incidents involving employees at CCDC. The docket sheet listed the CCDC as the only defendant, and the Clerk mailed civil rights complaint forms to the plaintiff. The plaintiff's original *pro se* Complaint (ECF No. 4) did not name CCDC as a defendant; it named Deputy U.S. Marshall Perrine and the following CCDC employees as defendants: Randy and Sheila Binson, Will Bailey, and [FNU] Elmore.

When the Spilman Defendants filed the first Amended Complaint on June 18, 2007 (ECF No. 42), they did not name any of the CCDC employees as defendants, but they did list the CCDC as a defendant. "As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mt. Ranier*, 238 F.3d 567 (4th Cir. 2000). Thus the CCDC individual defendants were terminated as parties defendant.

On July 6, 2007, the Spilman Defendants filed the Second Amended Complaint (ECF No. 44), and a Notice of Dismissal Without Prejudice (ECF No. 45). The Second Amended Complaint did not name any CCDC employees as defendants, and continued the CCDC as a defendant. The Notice of Dismissal Without Prejudice does not refer to the CCDC employees.

The Third Amended Complaint (ECF No. 74), filed by Mr. Hazard on January 8, 2009, did not name the CCDC employees as defendants; it included the CCDC as a defendant. On May 7, 2009, Mr. Hazard filed the Complaint in *Campbell II* (ECF No. 1), and named Randy Binion as an individual defendant, among others, and included the CCDC as a party defendant.

16

The plaintiff himself, while acting *pro se,* did not name the CCDC as a defendant and the CCDC was never served with process.  The plaintiff's knee injury occurred on June 19, 2005; he left the custody of the CCDC on January 12, 2006.  Kentucky has a one year statute of limitations for personal injuries, pursuant to Kentucky Revised Statutes, § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009).  The statute of limitations as to plaintiff's negligence claim against CCDC expired on January 12, 2007, five months prior to the filing of the first Amended Complaint.  From June 18, 2007 through *Campbell II*, the CCDC was a party defendant but it was not served until February 6, 2009.  The plaintiff himself chose not to name the CCDC as a party defendant in his *pro se* original Complaint (*Campbell I, ECF No. 4*), and it was the operative statement of his claim until after the statute of limitations expired.

The original Complaint in *Campbell I* named Binion as a defendant; he was terminated as a party defendant on June 18, 2007, when the Spilman Defendants filed the first Amended Complaint and did not name Binion as a defendant.  The statute of limitations as to Binion thus expired on June 18, 2008.  From June 18, 2007 until May 7, 2009, the plaintiff knew that he had no action pending against Randy Binion.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's conclusory allegation that the Spilman Defendants breached a duty to him as to his claim against the CCDC is in error.  It was the plaintiff's choice not to name the CCDC as a defendant in his *pro se* Complaint.  The undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's conclusory allegation that the Spilman Defendants breached a duty to him with respect to his claim against Randy Binion is barred by the two-year statute of limitations as set forth below.

<u>Claim 4: Dismissing John Perrine as a *Bivens* Defendant</u>

The plaintiff alleges that the Spilman Defendants negligently dismissed John Perrine as a defendant with the result that the plaintiff's *Bivens* claim against Perrine was dismissed as time-barred on February 5, 2010.  The plaintiff's original Complaint in *Campbell I* vaguely claims that he was injured as a result of delay in his seeing a doctor concerning his knee.  The first Amended Complaint filed by the Spilman Defendants on June 18, 2007 (ECF No. 42) was far more specific in its allegations against Perrine.  That document alleged that from June 19, 2005 until he was transferred out of the Southern District of West Virginia on November 31, 2005, defendant Perrine failed to arrange for the plaintiff to be seen by a doctor for examination of his knee injury, and to receive treatment as recommended by the physician who examined him on October 11, 2005.

On July 6, 2007, the Spilman Defendants filed the Second Amended Complaint (ECF No. 44), and a Notice of Dismissal Without Prejudice (ECF No. 45), which specified that the plaintiff's claim against John Perrine was voluntarily dismissed without prejudice.  On August 23, 2007, the Spilman Defendants were permitted to withdraw, ending their representation of the plaintiff (ECF No. 48.)

The plaintiff's claim against John Perrine was resurrected on January 8, 2009, in *Campbell II* in which Perrine was named as a party defendant (*Campbell II*, ECF No. 1).  As recited in Judge Copenhaver's Memorandum Opinion and Order entered February 5, 2010 (ECF No. 69), the plaintiff conceded that his *Bivens* claim against Perrine was time-barred.  The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's conclusory allegation that the Spilman Defendants breached a duty to him with respect to his claim against John Perrine is barred by the two-year statute of limitations as set forth below.

18

<u>Claim 5: Breach of Duty and Abandonment</u>

In the instant Complaint, the plaintiff vaguely alleges that the Spilman Defendants failed

> to disclose anything known to them which might affect the plaintiff's decision whether or how to act.  They forsaked their duty to explain a matter to the extent reasonably necessary to permit the client to make a[n] informed decision regarding the represent[t]ation.  As a result of their above[] named acts they dismantled the plaintiff's opportunity to prevail and abandoned the case (Docket 46).

These allegations are insufficient to state a claim upon which relief can be granted.  This claim is no more than "labels and conclusions" without any factual allegations at all.  The undersigned proposes that the presiding District Judge not accept the plaintiff's legal conclusions as true and **FIND** that plaintiff's conclusory allegation that the Spilman Defendants breached a duty to him is barred by the two-year statute of limitations as set forth below.

<u>Statute of Limitations</u>

The Spilman Defendants assert that the two-year statute of limitations ran from no later than August 23, 2007, the date that they were permitted to withdraw as counsel for the plaintiff.  The Spilman Defendants cite *VanSickle v. Kohout*, 599 S.E.2d 433 (W. Va. 2004) to support this proposition.  In *VanSickle*, the Supreme Court of Appeals of West Virginia (the "SCAWV") stated that "[a] cause of action for legal malpractice accrues when the malpractice occurs, or when the client knows, or by reasonable diligence should know, of the malpractice."  599 S.E.2d at 438.  The SCAWV further held that, when an alleged victim of malpractice terminates his relationship with the allegedly negligent attorney, subsequent efforts by new counsel to reverse or mitigate

19

the harm through administrative or judicial appeals do not toll the statute of limitations. *Id.*, Syl. Pt. 6.

If the Spilman Defendants' argument is credited, the statute of limitations expired on August 23, 2009.  The plaintiff did not file the instant Complaint until April 7, 2011, twenty months later.  The Spilman Defendants contend that the plaintiff "has not alleged any facts that would give rise to a suspension of the statute of limitations during the pendency of *Campbell I* after the defendants were allowed to withdraw as counsel."  (ECF No. 11 at 9.)

On June 24, 2011, the plaintiff filed a response to the defendants' Motion to Dismiss.  (ECF No. 14.)  The plaintiff asserts that his claims are not time-barred because the specific matters about which he is complaining were not concluded until the dismissal of each individual claim in *Campbell II*.  (*Id.* at 2.)  The plaintiff cites the "continuous representation doctrine" adopted by the SCAWV in *Smith v. Stacy*, 482 S.E.2d 115, 120 (W. Va. 1996), which "tolls the running of the statute of limitations in an attorney malpractice action until the professional relationship terminates with respect to the matters underlying the malpractice action."  The plaintiff argues that "the inquiry is not whether an attorney-client [relationship] still exists on any matter or even generally, but when the representation of the specific matter concluded."  *Id.* (internal quotations omitted).

The plaintiff's Response then addresses the Spilman Defendants' actions with respect to the dismissal of certain defendants in *Campbell I*.  The plaintiff's Response states:

> In the instant case plaintiff's claims are from his June 19 2005, knee injury and subsequent lack of medical treatment.  Plaintiff was transferred from Carter County Detention Center on January 12, 2006.

20

After that date, Carter County Detention Center and Randy Binion were no longer in a position to deny plaintiff medical treatment.   Accordingly, plaintiff had one year, or until January 12, 2007, to file his 1983 claim against Randy Binion.

Plaintiff instituted in this court in his former lawsuit ("*Campbell I*") against Supervising Marshal John Perrine, "Chief Jailor Randy and Sheila Binion" Chief Deputy Will Bailey, and Transportation Driver Elmore based upon the same facts as in ("*Campbell II*") on December 5, 2005.   *See Campbell v. United States*, 2:05-cv-0956.

On June 18, 2007, Defendants B. Belle Manjong, and Stephanie L. Ojeda, under the auspices of the Law Firm of Spilman Thomas & Battle, PLLC filed the first amended complaint in *Campbell I*, adding the United States, United States Marshal[s] Service, Federal Bureau of Prisons, Carter County Detention Center, and South Central Regional Jail as defendants, pursuant to the FTCA, and John Perrine in a Bevins [sic; *Bivens*] claim, [and] thus negligently and voluntarily dismissed Chief Jailor Randy and Sheila Binion, "Chief Deputy" Will Baily, and Transportation Drive Elmore pursuant to the 1983 claims.

Under Kentucky law, the statute of limitations for a claim of negligence is one year, pursuant to Kentucky Revised Statue [sic; Statutes] §413.140.   See *Stiver v. Ellington*, 140 S.W.3d 599, 600 (Ky. Ct. App. 2004.)

The one year statute of limitations on claims against Randy Binion did not begin to run until the complaint was amended on June 18, 2007, at which time Randy Binion and other named defendants of Carter County Detention Center were terminated as defendants.

An attorney owes his client the high duty to diligently, faithfully and legitimately perform every act necessary to protect, conserve and advance the interests of his clients.   That principal of conduct is a stern and inflexible rule controlling the relationship of attorney and client so long as the relation exists.   *Bank of Mill Creek v. Elk Horn Coal Corp.*, [57 S.E.2d 736, 748 ( W. Va. 1950)].

As a proximate result of the Defendants negligently not naming "Chief Jailor Randy and Sheila Binion," Chief Deputy Will Baily, and Transportation Driver Elmore, in the amended complaint on June 18, 2007 time-barred any future claims.   Ultimately, all claims against the defendants in which plaintiff had named in his original complaint, and which were negligently excluded in the amended complaint were dismissed on June 29, 2010 in *Campbell II*.   However, the specific matter concerning the Carter County defendants wasn't ruled on until June 29,

2010 when the court issued a Memorandum Opinion and Order dismissing those defendants. (*Campbell II*, docket 73).

(ECF No. 14 at 3-5.)

The plaintiff's Response further contends that, because Judge Copenhaver did not rule that the claims against the CCDC defendants were time-barred until June 29, 2010, his April 7, 2011 Complaint alleging negligence on the part of the Spilman attorneys for previously dismissing the CCDC defendants was filed within two years of June 29, 2010, and, thus, was timely filed. (*Id.* at 5.)

The plaintiff's Response further asserts that, despite his efforts to exhaust his administrative remedies to file a claim under the FTCA, the Spilman Defendants negligently filed a "Notice of Dismissal Without Prejudice" to dismiss the USMS, the BOP, and John Perrine.  The plaintiff's Response further states:

> All other causes of action against the remaining defendants The United States of America,  Carter County Detention Center, and the West Virginia Regional Jail and Correctional Facility Authority, remain pending.  As a result, although the FTCA against the BOP had been filed within six months, now the BOP is no longer a defendant in the plaintiff's claims (Campbell I, docket 45), and the [Spilman] defendants never refiled [sic].

(*Id.* at 6.)   The plaintiff's Response further argues that the Spilman Defendants negligently dismissed the USMS, the BOP, and Deputy Perrine, and named the CCDC, and the WVRJCFA as defendants.  The Response further states:

> By negligently and voluntarily dismissing the plaintiff's cognizable 1983 claims against Deputy Perrine [which would actually be addressed under *Bivens*], and the FTCA claims against the USMS, and the BOP, thus, naming the [WVRJCFA] and [CCDC] as defendants pursuant to a [sic; the] FTCA and 1983, the court no longer had subject matter jurisdiction to judicate [ sic; adjudicate] the plaintiff's claims.  First, the [CCDC] and the [WVRJCFA] are independent contractors, secondly the plaintiff never filed an administrative claim to either of the two local municipalities.  * * * Surely, the defendants had to be aware of the fact that the plaintiff's claims no longer had subject matter jurisdiction.  Being dismissed (Docket 110).

> By negligently dismissing Deputy Perrine as a defendant the plaintiff's 1983 [sic; *Bivens*] claim against Deputy Perrine was dismissed as being time-barred on February 5, 2010 which is within the two year statute of limitations (Docket 69).  Counsel for defendants avers . . . since the dismissal of Deputy Perrine was judicated [sic; adjudicated] in Campbell II, a suit in which the Defendants never represented [him] they shouldn't be liable.

(*Id.* at 7.)

The plaintiff appears to misunderstand the fact that the proper defendant in an FTCA claim is "the United States of America," not any particular agency or an individual employee, even though the claim is based upon the conduct of the individual government employee.  The plaintiff's FTCA claim was not ultimately dismissed because he named the wrong party, or improperly dismissed defendants.  Rather, the FTCA claim was dismissed in *Campbell I* because the initial *pro* se complaint was filed before the plaintiff exhausted his administrative remedies and, thus, the federal court never acquired subject matter jurisdiction over the claim.   Mr. Hazard alleged another FTCA claim in *Campbell II*, but that claim was ultimately denied on its merits.

The plaintiff's Response further asserts that the Spilman Defendants have erroneously argued that the claims against Deputy Perrine were dismissed on February 10, 2010, because the plaintiff conceded that they were time-barred.  He argues that the two year statute of limitations for bringing a *Bivens* claim against Deputy Perrine expired on January 12, 2008, or two years after the plaintiff was removed from the custody of the USMS.   The plaintiff further asserts that the Spilman Defendants negligently dismissed Perrine as a defendant in *Campbell* I on July 6, 2007, which was within that two-year period.  When the plaintiff's new counsel, Mr. Hazard, attempted to revive a *Bivens* claim against Perrine in *Campbell II* on May 7, 2009, that claim was found to be untimely.

The undersigned is unpersuaded by the plaintiff's argument that the two-year statute of limitations for his malpractice claims against the Spilman Defendants should run from the date(s) that specific claims in his previous lawsuits were dismissed. As aptly noted by the Spilman Defendants, the statute of limitations began to run no later than the date the Spilman Defendants were permitted to withdraw as counsel for the plaintiff in *Campbell I*, thus severing their professional relationship, which was on August 23, 2007. (*Campbell I*, ECF No. 48.)

Accordingly, the statute of limitations for the plaintiff's malpractice claims expired prior to the filing of the instant Complaint on April 7, 2011. Thus, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's instant Complaint should be dismissed as being time-barred. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Spilman Defendants' Motion to Dismiss (ECF No. 10) and dismiss this civil action with prejudice from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff, and to transmit it to counsel of record.

December 28, 2011

Mary E. Stanley
United States Magistrate Judge

25