IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FREDDY S. CAMPBELL,

          Plaintiff,

v.                                CIVIL ACTION NO.   2:11-cv-00230

STEPHANIE L. OJEDA, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Dismiss [Docket 10]. The Motion was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The court has reviewed *de novo* those portions of the Proposed Findings and Recommendation to which the plaintiff has filed specific objections and **FINDS** that the plaintiff's objections to Claims I, II, and V lack merit. For the reasons discussed below, the defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**.

    **I. Background**

The facts of this case are adequately set forth in the Magistrate Judge's Proposed Findings and Recommendations, which I **ADOPT** and incorporate herein.

## II. Legal Standard

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the report *de novo*, this court will consider the fact that the plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## III. Discussion

The plaintiff's complaint alleges five counts of legal malpractice. I now consider each in turn.

### A. Claim I: Filing the Amended Complaint in *Campbell I* before exhausting Campbell's administrative remedies.

Campbell's first claim is that the defendants negligently filed the amended complaint in *Campbell I* before his administrative remedies had been exhausted. He asserts that this resulted in his claims being dismissed on April 28, 2009. Judge Stanley concluded that the Spilman attorneys did in fact exhaust Campbell's administrative remedies prior to filing the amended complaint. (Proposed Findings and Recommendations, [Docket 19], at 13–14).

Campbell has objected to this finding. He argues that this claim was not based on the filing of the first Amended Complaint on June 18, 2007, but rather on the filing of the Second Amended Complaint on July 6, 2007. Even if he is correct, the same rationale applies, and the plaintiff has not offered specific objections to this reasoning. Accordingly, the court **ADOPTS** the findings and recommendations of the Magistrate Judge with respect to Claim I of the plaintiff's complaint. (Proposed Findings and Recommendations, [Docket 19], at 12–14). The plaintiff's claim that the defendants breached a duty to him by filing the amended complaint in *Campbell I* without first exhausting his administrative remedies is hereby **DISMISSED**.

### B. Claim II: Failing to file a complaint within six months of the BOP's denial of the plaintiff's administrative claim.

Next, Campbell asserts that the defendants failed to file a complaint within six months of the BOP's denial of his administrative claim. 28 U.S.C. § 2401(b) provides that a tort action against the United States must be filed "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." Campbell claims that the defendants' failure to file within the six-month period barred his claims against the BOP and caused them to be dismissed on February 24, 2010.

Campbell's claims were formally denied by the BOP of January 16, 2007. The Spilman attorneys filed the first amended complaint in *Campbell I* on June 18, 2007. This was within the six-month period required by § 2401(b). Based on these facts, I agree with Judge Stanley's conclusion that the defendants did not breach a duty to the plaintiff in this respect.

Having reviewed *de novo* the Magistrate Judge's findings regarding this claim, I **FIND** that the plaintiff's objections are without merit. Accordingly, I **ADOPT** the Magistrate Judge's Proposed Findings and Recommendation with respect to this claim. (Proposed Findings and

Recommendations [Docket 19], at 15). The plaintiff's claim that the defendants breached a duty to him by failing to file a complaint within six months of the BOP's denial of the plaintiff's administrative claim is hereby **DISMISSED**.

### C. Claim III: Dismissing the CCDC's individual employees as defendants in *Campbell I*

Next, Campbell claims that the defendants breached a duty to him by dismissing his claims against the individual CCDC employees in *Campbell I*. The December 2005 complaint named the following CCDC employees as defendants: Randy and Sheila Binson [sic; Binion], Will Bailey, and Elmore.[1] On June 18, 2007, the Spilman attorneys filed an amended complaint, which did not name these individuals as defendants, effectively terminating them as defendants.

Campbell has not offered specific objections to the Proposed Findings and Recommendations relating to Sheila Binion, Will Bailey, and Elmore. Accordingly, I **ADOPT** and incorporate herein the Magistrate Judge's Proposed Findings and Recommendations with respect to the claims against the Spilman attorneys based on the dismissal of Sheila Binion, Will Bailey, and Elmore as party defendants in *Campbell I*. The claims based on dismissal of Randy Binion and John Perrine (USMS) are discussed below.

### D. Claim III-IV: Dismissing Randy Binion and John Perrine as defendants in *Campbell I*

#### 1. Statute of Limitations

The Spilman attorneys have asserted that Campbell's legal malpractice claims based on the dismissal of Randy Binion and John Perrine are barred by the statute of limitations. They claim that the statute began to run no later than August 23, 2007, when they no longer represented Campbell. (Mot. Dismiss [Docket 11], at 9). Meanwhile, Campbell asserts that the two-year

---

1  Elmore is identified only by his last name.

- 4 -

statute of limitations did not begin to run until he learned of the malpractice, when his claims in *Campbell II* were dismissed as time barred. (Pl.'s Objections Proposed Findings and Recommendations [Docket 24], at 20–21).

The statute of limitations is an affirmative defense that must be raised and proved by the defendant. FED. R. CIV. P. 8(c); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Normally, a motion to dismiss under Rule 12(b)(6) will not reach the merits of an affirmative defense. *See Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) ("A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses."). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman*, 494 F.3d at 464. Thus, a court may dismiss a complaint as time barred only if the complaint "sets forth *on its face* the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations." *Id.*; *see also CSX Transp., Inc. v. Gilkison*, 406 Fed.Appx. 723 (4th Cir. 2010).

The West Virginia Supreme Court of Appeals has adopted a five-step process for determining whether a cause of action is time-barred. *Dunn v. Rockwell*, 225 W.Va. 43, 53 (2009). First, identify the applicable statute of limitations. *Id.* Second, identify when the requisite elements of the cause of action occurred. *Id.* Third, apply the discovery rule to determine when the plaintiff knew or reasonably should have known of the possible cause of action. *Id.* Fourth, if the discovery rule does not apply, consider whether the defendant fraudulently concealed facts from the plaintiff to prevent him from discovering the cause of action.

*Id.* Finally, determine whether any other doctrine applies to toll the statute of limitations. *Id.* The first step is always a question of law, while steps two through five are generally questions of fact for the trier of fact. *Id*

In this case, the parties agree that the statute of limitations for an attorney malpractice case is two years. In West Virginia, a cause of action for legal malpractice is not tolled during the plaintiff's efforts to reverse or mitigate the harm through judicial remedies. *VanSickle v. Kohouti*, 215 W.Va. 433, 437 (2004). Thus, the statute of limitations in *Campbell III* was not tolled by either *Campbell I* or *Campbell II*. *Id.* Rather, the statute of limitations began to run when Campbell knew, or by reasonable diligence should have known, of the malpractice. *Id.*

The principle that the statute of limitations is tolled until the plaintiff knew or reasonably should have known of a possible cause of action is known as the discovery rule. *Id.* at 437. Whether the discovery rule applies is an objective test; therefore, the question is whether a reasonable person in the plaintiff's position would have known of the cause of action, or could have discovered it through reasonable diligence. *Dunn*, 225 W.Va. at 53; *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 715 (1997).

In this case, Campbell has asserted that the discovery rule applies. (Pl.'s Objections Proposed Findings and Recommendations [Docket 24], at 20–21). If he is correct, the two-year statute of limitations did not begin to run until his claims in *Campbell II* were dismissed, and thus had not expired when he filed his complaint in this case. Based solely on the pleadings, the court cannot say as a matter of law when Campbell knew or should have known of the malpractice. *See CSX Transp. Inc. v. Gilkison*, 406 Fed. Appx. 723, 729–30 (4th Cir. 2010) (ruling that a district court erred in dismissing a case under Rule 12(b)(6) where the facts as pled in the complaint did

not "reveal when [the plaintiff] knew of should have known" of the alleged tort); *Goodman*, 494 F.3d at 464. Therefore, I **FIND** that dismissal based on the statute of limitations is not warranted at this stage.

### 2. Failure to State a Claim

The next question is whether Campbell's complaint states a claim upon which relief may be granted in order to survive the motion to dismiss under Rule 12(b)(6). A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949–50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw

- 7 -

the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant′s liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

There are three elements to a legal malpractice claim based on negligence: 1) the attorney's employment; 2) the attorney's neglect of a reasonable duty; and 3) proximate cause of harm to the client. *Keister v. Talbott*, 182 W.Va. 745, 748–49 (1990). In order to prove that an attorney's negligence was the proximate cause of the client's damages, the plaintiff must show that "the result of the underlying action would have been different but for the attorney's negligent performance." *Stewart v. Hall*, 770 F.2d 1267, 1269 (4th Cir. 1985).

The parties agree that the Spilman attorneys represented Campbell until August 2007. (Mot. Dismiss [Docket 11], at 10). Campbell asserts that the Spilman attorneys neglected their duty to provide him with competent representation by negligently dismissing his claims against Randy Binion and John Perrine, causing those claims to become time barred. (*Id.* ¶¶ 8, 37, 39). Further, he has set forth the factual basis for his underlying claims against both Binion and Perrine. (*Id.* at 3–4). Based on these facts, the court **FINDS** that Campbell has stated facts which could plausibly establish that the Spilman attorneys' actions proximately caused him harm by causing

his claims against Binion and Perrine to become barred by the statute of limitations.[2] Accordingly, the Motion to Dismiss the plaintiff's claim based on Spilman attorneys' dismissal of Randy Binion and John Perrine as defendants in *Campbell I* is hereby **DENIED**.

### E. Claim V: Breach of Duty and Abandonment

Finally, Campbell has asserted a claim for breach of duty and abandonment. As the Magistrate Judge noted, the complaint does not contain any factual allegations specifically relating to this claim. Having reviewed the matter *de novo*, the court **FINDS** that the plaintiff's objections to the Proposed Findings and Recommendations are without merit. The court hereby **ADOPTS** the Magistrate Judge's Proposed Findings and Recommendations with respect to Claim V for Breach of Duty and Abandonment. The defendants' Motion to Dismiss is **GRANTED**, and the plaintiff's claim for breach of duty and abandonment is hereby **DISMISSED**.

## IV. Conclusion

For the reasons discussed above, I **ADOPT** the Magistrate Judge's Proposed Findings and Recommendations relating to the failure to state a claim for Claims I, II, and V. The defendant's motion is **GRANTED** with respect to claims I, II, and V, and **DENIED** with respect to Claims III and IV.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

---

[2] Of course, if the plaintiff's claims are to survive a summary judgment motion, he will need to present evidence that is sufficient to establish that he would have actually prevailed on his claims against Binion and Perrine had they not been dismissed in June and July 2007. While the court has reservations about Mr. Campbell's ability to prove these claims, I cannot say definitively from the face of the pleadings that he will be unable to do so.

ENTER:		March 29, 2012

_____
Joseph R. Goodwin, Chief Judge